# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6031 | **DATE** | 10/25/2010 |
| **CASE TITLE** | Taylor vs. Social Security Administration | | |

**DOCKET ENTRY TEXT**

For the reasons stated, Taylor's Motion to Proceed *In Forma Pauperis* and Motion for Appointment of Counsel are denied. Taylor's Complaint is dismissed for failure to state a claim.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Leonard Taylor ("Taylor") moves to proceed *in forma pauperis* without the full prepayment of filing fees and for appointment of counsel. For the reasons stated below, Taylor's Motion to Proceed *In Forma Pauperis* and Motion for Appointment of Counsel are denied and Taylor's Complaint is dismissed.

Taylor's Complaint alleges that the Social Security Administration ("SSA")did not count all of his earnings for jobs worked as far back as 1979. Because SSA failed to give Taylor credit for all of his prior employment, he currently receives less in disability earnings than he is entitled to.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Taylor to proceed *in forma pauperis* if he is unable to pay the mandated court fees. Taylor need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, he is eligible to proceed *in forma pauperis* if payment of the filing fee will prevent him from providing for life's necessities. *See id.* According to his financial affidavit, Taylor is currently unemployed. Taylor is not married, and he receives $557 a month in Social Security payments, his only income. Taylor has less than $200 in cash or in a checking or savings account. Taylor does not own any real estate or any items of personal property worth over $1,000. Based on these facts, Taylor's financial affidavit sets forth his inability to pay the mandated court fees.

The Court, however, must look beyond Taylor's financial status. Section 1915 requires the Court to review the claims of a plaintiff who seeks to proceed *in forma pauperis* and dismiss the action if it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if the plaintiff seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003). Here, Taylor alleges that the SSA miscalculated his previous earnings on two separate occasions, and as a result pays him less each month than he is entitled

## STATEMENT

to. Title II of the Social Security Act and the regulations promulgated thereunder establish procedures for administrative and judicial review of SSA claims. *See* 20 C.F.R. § 404.900. The SSA allows for judicial review only after a final decision has been made by the Commissioner of Social Security. *See* 42 U.S.C. § 405(g). Taylor does not allege that he has pursued agency review prior to filing his Complaint, nor does he reference any SSA decisions made regarding his claims. Therefore, Taylor's Complaint is not properly before the Court.

Because Taylor does not state a claim on which relief may be granted, he is not entitled to the appointment of counsel.

For the reasons stated, Taylor's Motion to Proceed *In Forma Pauperis* and Motion for Appointment of Counsel are denied. Taylor's Complaint is dismissed for failure to state a claim.